### ROTH and others *v.* KEEBLER.[1]

*(Circuit Court, E. D. Pennsylvania. 1887.)*

PATENTS FOR INVENTIONS—PATENTABILITY—CAKE-MACHINE.
> Reissued letters patent 209,365, for improvement in cake-machines in which the cutting wire was supported in the center by a guard or arm slightly bent upwards at the outer end, to keep the wire level with the apertures through which the dough was pressed, and prevent the wire from sagging or vibrating near the center without confining it too rigidly, *held* to be without patentable novelty.

In Equity. Suit for infringement of letters patent.

*Banning & Banning*, for complainants.

*Stewart & Gangevere*, for respondent.

BUTLER, J. The suit is for infringement of claims 3 and 4 of the reissue of letters patent for an improvement in cake-machines, 209,365, the original bearing date October 29, 1878, and the reissue 18 months later, which claims read as follows:

"(3) The combination is a dough-cutting machine, of the cutting wire, *a*, confined at its ends, and an arm for supporting the same at the central or free part thereof, substantially as and for the purpose specified. (4) The combination, in a machine for cutting dough, of the cutting wire, *a'*, and the guard or arm, *i'*, freely supporting the said wire, and slightly bent upwards at its outer end, substantially as and for the purposes specified."

The only difference between these claims is that the supporting arm in the latter is "slightly bent upwards at its outer end." In view of the state of the art, we are unable to see any evidence of the patentable novelty in the plaintiff's alleged invention. Time out of mind, wire of almost every description, has been used for cutting purposes, and particularly for cutting dough. When applied to the latter use it was stretched between supporting arms. The plaintiff, desiring to use a fine wire, and make a knife long enough to embrace several apertures or cups, (through which dough is pressed,) found that the wire would sag and vibrate, towards the center, to such extent as to work imperfectly. To avoid this, and thus keep the wire up to the surface of the apertures, without confining it too rigidly, he constructed an intermediate arm, on which it should rest, taking care that this should be so placed as to pass between the cups when the knife is in use. That the wire blade in a knife of such length would sag and vibrate, so as to render its use unprofitable, if not impracticable, must have been apparent to any one who thought of it;

---

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

and the means of overcoming this difficulty must at once have presented itself to the mind. The remedy adopted by the patentee was to support the wire in the center, as it was supported at the ends, except to allow free motion on the intermediate arm. This was the most obvious remedy,—one which could not have escaped any intelligent person conversant with the subject. It is unimportant whether the end of this arm be turned up, and the wire allowed to rest loosely upon it, or straight, and the wire passed through a staple or slot. Either will accomplish the intended purpose. It is unnecessary to consider other questions presented by the case.

The bill must be dismissed for the reasons stated.